IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LARRY WAYNE JONES**                                                                  **PLAINTIFF**
**ADC #70147**

V.                           NO. 4:21-cv-00149-JM-ERE

**AKEISHA WALKER**, *et al*.                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge James M. Moody Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If parties do not file objections, they risk waiving the right to appeal questions of fact. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**     **Background:**

*Pro se* plaintiff Larry Wayne Jones, an inmate at the Maximum Security Unit ("MSU") of the Arkansas Division of Correction ("ADC"), filed this lawsuit under 42 U.S.C. § 1983. *Docs. 2, 28.* Mr. Jones is proceeding on his claim that former

Director of Nursing Erica Johnson retaliated against him for using the ADC's grievance procedure.[1]

Defendant Johnson has now filed a motion for summary judgment, a brief in support, and a statement of undisputed facts. *Docs. 131, 132, 133*. Defendant Johnson argues that Mr. Jones' retaliation claim fails as a matter of law. Mr. Jones has filed a response in opposition (*Docs. 139, 140*), and Defendant Johnson's motion is now ripe for review.

### III. Argument and Analysis:

#### A. Factual History[2]

In February 2019, Mr. Jones began complaining about his ability to walk to the chow hall to receive meals. *Doc. 87-2 at 11-12*.

On March 19, 2019, Mr. Jones submitted a health services request form asking medical staff to deliver his meals to his cell. *Doc. 2 at 11*.

On May 6, 2019, medical provider Uchenna Ann Onyia-Murphy examined Mr. Jones, who complained of "pain and difficulty w[ith] ambulation." *Doc. 87-1 at*

---

[1] Pursuant to a Revised Judgment and Opinion entered February 23, 2024 (*Docs. 127, 128*), the Eighth Circuit Court of Appeals remanded this case for resolution of Mr. Jones' retaliation claim against Defendant Erica Johnson. On March 18, 2024, the Eighth Circuit issued its formal mandate (*Doc. 128*), and United States District Judge James M. Moody referred the case for a recommended disposition on the remaining retaliation claim. *Doc. 129*.

[2] These facts are taken from: (1) Mr. Jones' medical records (*Doc. 87-1*); (2) his deposition testimony (*Doc. 87-2*); (3) his complaint (*Doc. 2*); and (4) his relevant grievance records (*Doc. 57-2*).

*4.* In deposition, Mr. Jones testified that Ms. Murphy left the examining room and visited Defendant Johnson's nearby office, after which he overheard Defendant Johnson say, "We can't write him that script." *Doc. 87-2 at 37-39*. The same day, health services officials provided Mr. Jones a walker. *Doc. 87-1 at 5*.

On May 22, 2019, health services officials called Mr. Jones to the infirmary for blood tests and an EKG prior to his May 30 hip surgery. *Doc. 87-2 at 46*. According to Mr. Jones, when he arrived at the infirmary in a wheelchair, Defendant Johnson told him they were "going to put [him] in a ward, in a cell back there, and infirmary back there." *Id. at 48*. Later that night, Mr. Jones requested to leave the infirmary, and health care officials allowed him to return to his cell. *Id. at 50-51*; *Doc. 87-1 at 8*. However, health care officials denied Mr. Jones' additional requests for meal deliveries and a wheelchair. *Doc. 2 at 23; Doc. 28 at 24*.

On May 20, 2019, Mr. Jones filed grievance MX-19-901. *Doc. 57-2 at 5-7*. In that grievance, he complained that nonparty "Mr. Benton and others" retaliated against him for filing grievance MX-19-00455[3] by forcing him to use a walker, which caused him pain and humiliation. *Id*.

---

[3]On March 25, 2019, Mr. Jones submitted grievance MX-19-455, complaining that CCS medical staff were wrongfully depriving him of having meals brought to his cell. *Doc. 57-2 at 4*. He alleged in his grievance that the kitchen captain (former Defendant Walker) told him that he must have a "script" to have meals delivered to his cell. He further alleged that on March 22, former Defendant Jacks told him that she could not write the "script" for meal deliveries without permission from a supervisor, and she would try to contact HSA

3

On May 23, 2019, Mr. Jones filed grievance MX-19-00977. *Id. at 9-11*. In that grievance, he complained that on May 22, 2019, Defendant Johnson and nonparty Benton placed him in medical isolation because he refused to use a walker and because he filed grievance MX-19-00901.

B.   **Summary Judgment Standard**

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must come forward with specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if -- but only if -- the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

---

Benton and Defendant Johnson by phone. *Id*. Finally, Mr. Jones complained in grievance MX-19-455 that he did not receive a final answer or response from former Defendant Jacks.

## C. Retaliation

"As a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)) (cleaned up). To survive summary judgment on his retaliation claim, Mr. Jones must present evidence sufficient to permit a reasonable factfinder to conclude that: (1) he engaged in constitutionally protected activity; (2) Defendant Johnson took adverse action against him that would chill a person of ordinary firmness from continuing in that activity; and (3) the adverse action was motivated by the exercise of the protected activity. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). The Eighth Circuit has explained:

> To survive summary judgment, a plaintiff must show that a reasonable jury could find that a retaliatory motive of the government official was a "but-for cause" of the adverse action, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.

*Graham v. Barnette*, 5 F.4th 872, 889 (8th Cir. 2021) (cleaned up). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019).

Mr. Jones alleges that Defendant Johnson denied his requests for meal delivery and placed him in a medical ward in retaliation for grievances he filed

5

against her. Mr. Jones successfully establishes the first element of his claim because it is undisputed that he filed the grievances, and clearly established law holds that using a prison grievance process is protected First Amendment activity. *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) ("The right to be free from retaliation for availing one's self of the prison grievance process has been clearly established in this circuit for more than twenty years.").

However, Mr. Jones' claim fails under the second and third elements, which together require proof of "an adverse action that would chill a person of ordinary firmness from continuing in the activity, which itself must be a 'but-for cause' of the injury suffered." *Beard*, 97 F.4th at 1119 (cleaned up).

Mr. Jones concedes that he "may not be able to provide direct evidence of Johnson's motive for taking the relevant adverse actions against me." *Doc. 139 at 6*. He argues, however, that the temporal proximity between his protected activity and alleged retaliation constitutes "circumstantial evidence." *Id*. Although close temporal proximity between protected activity and alleged retaliation is relevant, it is generally insufficient, standing alone, to provide a basis for inferring retaliatory intent. *Wilson v. Northcutt*, 441 F.3d 586, 592 (8th Cir. 2006). Beyond the temporal proximity between grievances filed in March and May 2019, and Defendant Johnson's alleged retaliatory conduct in May 2019, Mr. Jones offers no facts plausibly linking his protected activity to the alleged retaliation. In addition: (1) Mr.

Jones did not specifically reference Defendant Johnson in his March 2019 grievance; and (2) in deposition, Mr. Jones testified that Defendant Johnson lacked the authority to issue him a meal-delivery prescription. *Doc. 87-2 at 34*.

Mr. Jones has failed to provide evidence to create a triable, factual dispute of: (1) a causal connection between any grievance he filed and Defendant Johnson's actions; or (2) a retaliatory motive on Defendant Johnson's part. Accordingly, Mr. Jones' retaliation claim fails as a matter of law.

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Johnson's motion for summary judgment (*Doc. 131*) be GRANTED.

2. Mr. Jones' retaliation claim against Defendant Johnson be DISMISSED, with prejudice.

3. The Clerk be instructed to close this case.

DATED 20 June 2024.

_____
UNITED STATES MAGISTRATE JUDGE